Daniel J. RAMOS, Individually and as President of American Federation of Government Employees, AFL–CIO, Local 1617, Appellant,

v.

AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL–CIO, Appellee.

No. 04–84–00084–CV.

Court of Appeals of Texas, San Antonio.

Feb. 26, 1985.

Rehearing Denied April 29, 1985.

Steven M. Angel, Oklahoma City, Okl., Pat Maloney, Jr., San Antonio, for appellant.

Joseph F. Henderson, 10th Dist. Atty., Washington, D.C., Joseph A. Rose, San Antonio, for appellee.

Before ESQUIVEL, CANTU and DIAL, JJ.

## OPINION

PER CURIAM.

This is an appeal from a judgment denying an application for an injunction and dismissing the cause for lack of jurisdiction over the subject matter as presented by the pleadings in the application for injunctive relief.

Daniel J. Ramos, individually, and as president[1] of American Federation of Government Employees, AFL–CIO Local 1617, filed a petition for injunctive relief in the state district court against the parent organization of Local 1617, the American Federation of Government Employees, AFL–CIO. The American Federation of Government Employees, AFL–CIO, is a labor organization representing employees of the federal government covered under the Civil Service Reform Act of 1978. *See* 5 U.S.C.A. § 1101 et seq. (West 1980).

The suit sought to enjoin the national union from continuing a trusteeship imposed upon the local union pursuant to the constitution and by-laws of the national union. The petition alleged that under the constitution and by-laws of the national

---

1. Daniel J. Ramos' term of office expired December 1, 1983. This suit was filed December 8, 1983.

union[2] the National President was *required* to rescind the trusteeship. Ramos argues that the trial court erred in dismissing this action for lack of jurisdiction because the action was essentially one to enforce a contract between the national union and the local, the constitution and by-laws constituting a contract between the organization and its members. Thus, being an action sounding in contract, he alleges that the state district court had jurisdiction.

We affirm the action of the trial court.

We believe the essence of this action is within the coverage of the Civil Service Reform Act. Section 7120 prescribes the standards of conduct for labor organizations, with subsection (d) granting the Assistant Secretary of Labor for Labor Management Relations the authority to prescribe regulations as are necessary to carry out the purposes of this section. A comprehensive administrative regulatory scheme has been created to deal with standards of conduct of labor organizations, including standards for establishing trusteeships over subordinate bodies and proceedings to enforce these standards of conduct. 29 C.F.R. § 208.1 et seq. (1984). In 5 U.S.C.A. § 7123, Congress has vested judicial jurisdiction in the United States courts of appeals. Pursuant thereto a party aggrieved may appeal an action to a federal court of appeals.

Where Congress has provided statutory review procedures designed to permit agency expertise to be brought to bear on particular problems and where state district court jurisdiction to make initial determinations would undermine the effectiveness of the statutory design, the agency procedures are to be exclusive. *Whitney National Bank v. Bank of New Orleans & Trust Co.*, 379 U.S. 411, 420, 85 S.Ct. 551, 557, 13 L.Ed.2d 386 (1965); *Columbia Power Trades Council v. United States Department of Energy*, 671 F.2d 325, 326 (9th Cir.1982). *See also Casida v. International Union of Operating, Engineers, AFL–CIO*, 383 S.W.2d 571 (Tex. 1964). We hold that the state court lacked

jurisdiction of the subject matter in the instant case.

While this Court does recognize that there may be judicial exceptions to exclusive jurisdiction, *see Farmer v. United Brotherhood of Carpenters & Joiners, Local 25*, 430 U.S. 290, 296–97, 97 S.Ct. 1056, 1061, 51 L.Ed.2d 338 (1977), we find no such exceptions applicable to this case.

The order dismissing this cause of action for lack of subject matter jurisdiction is affirmed.

---

**2.** Neither the constitution nor the by-laws have   been made a part of the record on appeal.